*Landram, for appellant.*

***

Granville H. Higginson *v.* David B. White, Roach & Co.

**Trusts—Right of Redemption of Trust Property—Sales.**

A sale of mortgaged property with a right of redemption by the mortgagor being given by the purchaser, the property being of a value of $2.000 and sold for $179.08, and the mortgagor continuing in possession without a definite contract as to rent or future surrender, is held not to be a sale absolute, but in trust for the creditors of the mortgagor.

**Same—Lien.**

Upon a subsequent sale of the property, the former mortgagee will be entitled to a prior claim upon the sale funds, out of which his lien will be first settled.

**Accounts—Accounting—Guardian and Ward.**

An account against a guardian, though the evidence conduces to prove a part of same was not just, where the guardian admits the whole amount to be due, and himself became a witness to prove it, will be enforced by a judgment of the Court, as against a third party.

APPEAL FROM GREEN CIRCUIT COURT.

December 3, 1868.

Opinion of the Court by Judge Hardin:

David W. Higginson was appointed guardian for the appellant G. M. Higginson in 1856 and acted as such until in February,

1865, when he resigned, having a few days before made a statement of his accounts, by which he was shown to be indebted to his ward in the sum of $848.23, less a credit of $4.

In the meantime said D. W. Higginson and Aaron C. Higginson having become indebted in various amounts to the appellees White, Roach & Co., and others on the 13th of February, 1860, made to their said creditors a mortgage of certain property, including a tract of about 330 acres of land, or the undivided interest of six-sevenths which was owned by said D. W. Higginson (the residue being owned by said G. M. Higginson), and under a judgment foreclosing the mortgage the said 6-7 of the land was sold on the 13th of October, 1860, and purchased by White, Roach & Co. for $179.08; they also purchased the other mortgaged property amounting to about $2,100. The land was conveyed to the purchasers by a commissioner in February, 1861.

On the 30th day of March, 1865, said G. M. Higginson, suing by a next friend, he being still an infant, brought this suit in equity against White Roach & Co., and D. W. Higginson and others setting up said indebtedness of D. W. Higginson of $852.23 and alleging the purchase of the land by White Roach & Co. to have been made for the benefit of D. W. Higginson and in pursuance of a fraudulent arrangement and combination between him and them, to hinder and delay his creditors, and that the land, which the plaintiff sought to subject to his debt was of the value of $3,500, and had remained in the possession of D W. Higginson under an agreement that he should redeem it by paying $179.08 and interest, and that he had actually paid to White Roach & Co. $100 thereof.

D. W. Higginson answered the petition, substantially admitting the material averments thereof and White, Roach & Co., also answered, controverting the allegations imputing fraud to them or any agreement or contention between them and D. W. Higginson, by which the purchase was for benefit or otherwise than in their own right, and they also denied the alleged value of the land and agreement for the redemption of it as well as the alleged payment of $100, and though they admitted that D. W. Higginson remained in possession of the land they alleged that he did so as their tenant only.

They also controverted the plaintiff's claim, which is stated in the settlement of the guardian to be for $256.25 for difference

in a division of slaves and $230.50 for hire of a slave named Taylor and $128 for rent of land and $237.48 interest on said sums and they charged that the settlement was fraudulent and made by D. W. Higginston to furnish a pretext for the plaintiff, who was his brother, to subject the land, and that on a just settlement he owed the plaintiff nothing. They also alleged that D. W. Higginson was largely indebted to them in amounts which were not embraced in the mortgage, and prayed that in the event the court should vacate their purchase that their claim might be enforced against the land.

The court rendered a judgment in favor of the plaintiff as against his late guardian, but dismissed his petition as to White Roach & Co., and this appeal seeks a reversal of that judgment.

It sufficiently appears that the 6-7 of the land which was sold for $179.08 was worth about $2,000, and if the deposition of D. W. Higginson was rightly excluded, still the testimony of Thompson, A. C. Higginson, Crawford and other competent evidence sustains the conclusion that an arrangement existed between Durham, one of the firm of White, Roach & Co. and D. W. Higginson under which Durah bought the land at the grossly inadequate price of $179.08 the balance of the mortgage debts, for the benefit of Higginson and to be relieved of their claim by the payment by him of the $179.08, or in other words, that he might redeem the land, and the fact that Higginson continued in possession without any definite contract as to the payment of rent or future surrender of the possession consists with and corroborates the above conclusion.

There is evidence tending to show that part of the $179.08 was paid to the appellees, but the court will ascertain on the return of the cause whether this be so or not.

It is insisted, however, for the appellees that the appellant does not stand in a position to assail their claim because he has no just claim against D. W. Higginson.

Although there are facts conducing to show that D. W. Higginson purposely permitted himself to be charged, in principal and interest, a greater amount that he really owed the appellant on the settlement of his accounts as guardian, yet as it seems to us that a part at least of the amount claimed is just and ought to be enforced, we cannot sustain the judgment of the circuit court on the ground that the appellant was not a creditor of D. W. Higgin-

son, and as the latter did not controvert it, but admitted it and became a witness to prove it, the court rightly gave judgment for the amount as against him, and on the return of the cause the court will enforce it by a sale of the land, providing however for the satisfaction of so much of said $179.08 and interest thereon as remains unpaid for which the appellees have a prior lien on the land.

And as to the other claims of the appellees which were not embraced by the mortgage proper proceedings may be had for their enforcement if just, subject to the debts herein adjudged in favor of the appellees and the appellant which shall take priority as herein indicated.

Wherefore, the judgment dismissing the petition as to the appellees White, Roach & Co. is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*James, for appellant.*

*Rodman, Chelf, for appellees.*